UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICOLE BAKER,

    Plaintiff,

v.

BAYER HEALTHCARE PHARMACEUTICALS INC.,

    Defendant.

Case No. 13-cv-00490-TEH

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

    This matter is before the Court on Defendant Bayer Healthcare Pharmaceuticals' motion to transfer venue from the Northern District of California to the Southern District of Indiana or, in the alternative, to the Central District of California. The Court has carefully considered the arguments of the parties in the papers submitted, and finds this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b). Defendant's motion to transfer is GRANTED, and this case is hereby transferred to the Central District of California, for the reasons set forth below.

**BACKGROUND**

    Plaintiff Nicole Baker brings a products liability suit against Defendant Bayer Healthcare Pharmaceuticals for alleged injuries suffered due to the use of a Mirena intrauterine device (IUD) produced and marketed by Bayer. Bayer is an international company incorporated in Delaware and with its headquarters in New Jersey. Second Amended Complaint ("SAC") at 2 (Docket No. 21). Plaintiff's IUD was inserted on January 6, 2010, at Community Physicians Network for Women in Indianapolis, Indiana by her healthcare provider, Georgia Steiman. SAC at 5. Plaintiff received medical care four times at two hospitals in Riverside, California between June and October 2011 for alleged symptoms associated with the device. *Id.* at 5-6.

1 Plaintiff filed her initial complaint on February 4, 2013. (Docket No. 1). Defendant
2 filed the instant motion to transfer venue to the Southern District of Indiana or, in the
3 alternative, to the Central District of California, on June 18, 2015. Mot. at 11 (Docket No.
4 76).

**LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In order for a district court to transfer an action under section 1404, the court must therefore make two findings: (1) the transferee court is one where the action "might have been brought;" and (2) the convenience of the parties and witnesses and the interest of justice favor transfer. *Gelber v. Leonard Wood Mem'l for Eradication of Leprosy,* No. 07-CV-01785-JSW, 2007 WL 1795746, at *2 (N.D. Cal. June 21, 2007) (citing *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir.1985)). To make a determination on the convenience and interest of justice prong, the court considers: the plaintiff's choice of forum; the convenience of the parties and witnesses; the ease of access to sources of proof; local interest in the controversy; the familiarity of each forum with the applicable law; and the relative congestion in each forum. *Gelber,* 2007 WL 1795746, at *2 (citing *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir.1986)).

**DISCUSSION**

Defendant seeks transfer to the Southern District of Indiana, or in the alternative, to the Central District of California. Mot. at 11. After considering the available venues in light of the Parties' arguments and applicable law, the Court finds that transfer to the Central District of California is most appropriate.

## I. This case could have been brought in the Central District of California.

As an initial matter, this case could have been brought in the Central District of California. Section 1404(a) may be used "to direct an action to any other district or division" where the action "might have been brought" initially. *Hoffman v. Blaski*, 363 U.S. 335, 342 (1960). A civil action may be brought in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2).

A substantial part of the events giving rise to the claims in this case occurred in the Central District of California. Specifically, between June and October 2011, Plaintiff went to the hospital four times in Riverside, California for alleged complications from the Mirena implant. SAC at 5-6 (Docket No. 21). These complications, and consequently the attendant hospital visits and associated evidence, are a substantial element of Plaintiff's lawsuit. Additionally, it is undisputed that Defendant is subject to personal jurisdiction in California and that California federal court has subject-matter and supplemental jurisdiction over this case. Joint Case Management Statement at 2 (Docket No. 36). Moreover, the Parties do not contest that the Central District of California is an appropriate venue in this case.

## II. Plaintiff's choice of forum is accorded little weight in this context.

Generally, a plaintiff's choice of forum is accorded significant weight; however, "this weight is substantially lessened where the plaintiff does not reside in the forum and the acts that gave rise to the case did not occur in that forum." *Grossman v. Johnson & Johnson*, No. 14-CV-03557-VC, 2015 WL 1743116, at *1 (N.D. Cal. Apr. 13, 2015) (citing *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)).

Plaintiff has never been to the Northern District of California, much less resided here. Ex. 1 to Donahue Decl. at 20 (Docket No. 76-2). Moreover, the Court is aware of no factual allegations or evidence that the acts giving rise to this case occurred in the Northern District. Consequently, Plaintiff's choice of forum is not a significant factor in the Court's

3

analysis. However, to the extent that this element is still accorded some weight, it weighs against transfer from the Northern District.

### III. The convenience of the witnesses weighs in favor of transfer to the Central District.

Between the three districts at issue, the Central District of California is the most convenient venue for witnesses. "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under section 1404(a)." *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009) (internal quotation marks omitted). When considering the convenience of the witnesses, "courts look to who the witnesses are, where they are located, what their testimony will be, and why such testimony is relevant." *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1092 (N.D. Cal. 2002) (citing *A.J. Industries, Inc. v. United States Dist. Ct.,* 503 F.2d 384, 389 (9th Cir. 1974)).

The only essential witness identified as residing in Indiana is Nurse Steiman. Mot. at 4. Conversely, there are several essential medical witnesses who are located in or near Riverside, California, in the Central District. Ex. 2 to Chase Decl. at 3-4 (Docket No. 77-1). While Nurse Steiman, as the healthcare provider that prescribed and implanted the IUD, is indeed a critical witness, so are the healthcare professionals located in Riverside that might testify regarding causation and damages. With no essential witness in the Northern District of California, only one essential witness in Indiana, and several essential witnesses in the Central District of California, the convenience of the witnesses weighs in favor of transferring this case to the Central District.

### IV. The convenience of the Parties weighs slightly in favor of transfer to the Central District.

Party convenience slightly favors transfer to the Central District of California. Plaintiff has already accepted the inconvenience of litigating in a distant venue by filing

4

this case in the Northern District of California, despite living in Illinois. Opp'n at 5-6 (Docket No. 77); *see Rosco, Inc. v. TIG Ins. Co.,* 1998 U.S. Dist. LEXIS 21075, at *5 (N.D. Cal. Dec. 3, 1998) (plaintiff may accept "any inconvenience by choosing the Northern District of California as its forum"). In fact, when traveling from Calumet City, Illinois, the Central District of California is slightly closer than the Northern District, and thus marginally more convenient for Plaintiff in terms of distance. *See* Google Maps, http://www.google.com/maps (showing Calumet City, IL is approximately 100 miles closer to Riverside, CA than it is to San Francisco, CA). Defendant, on the other hand, is an international company, incorporated in Delaware and with its headquarters in New Jersey. SAC at 2. It is unclear where Defendant's representatives are located, but Defendant moves to transfer venue to the Central District of California as an alternative to the Southern District of Indiana, and as a result, willingly accepts any inconvenience associated with litigating in that venue. Mot. at 11.

Because Plaintiff has chosen to litigate in a distant forum and resides slightly closer to the Central District, and Defendant has accepted the inconvenience of litigating in the Central District by proposing transfer to that venue, the Court finds that the convenience of the Parties weighs slightly in favor of transfer to the Central District of California.

**V.   The ease of access to proof and the compulsory process of witnesses weigh in favor of transfer to the Central District.**

The ease of access to proof and the compulsory process of witnesses favor transfer to the Central District of California, as there is no evidence and are no witnesses in the Northern District. Moreover, there are more critical witnesses, and likely more evidence, in the Central District of California than in Indiana.

A district court may only subpoena a witness to compel attendance at a judicial proceeding if (1) that witness resides, is employed, or regularly transacts business in person within 100 miles of the proceeding; or (2) the witness resides, is employed, or regularly transacts business in person in the same state as the proceeding and the witness

5

1  "would not incur substantial expense" if compelled to attend.  Fed. R. Civ. P. 45(c).  The
2  San Francisco courthouse of the Northern District of California is more than 100 miles
3  from both Indiana and the Riverside area of Southern California.  Thus, in the Northern
4  District, compulsory process of witnesses is not guaranteed for witnesses in Southern
5  California and is entirely unavailable for Indiana witnesses.  Moreover, Plaintiff has not
6  identified any evidence that is located in the Northern District of California.

7  Consequently, this factor favors transfer to the venue that will allow the Court to
8  most effectively compel the attendance of crucial witnesses, as well as the venue that is
9  closest to the greatest amount of evidence.  More of the identified witnesses reside or work
10  in the Central District than in Indiana.  Ex. 2 to Chase Decl. at 2-4 (Plaintiff's initial
11  disclosure listing Nurse Steiman as the sole witness in Indiana and eleven witnesses at
12  Riverside, California hospitals).  Additionally, more of the events giving rise to this
13  litigation occurred in the Central District than in Indiana - and, therefore, likely more
14  sources of proof are in the Central District.  *See* SAC at 5-6.  Therefore, the Court finds
15  that this factor favors transfer to the Central District of California.

## VI.  The local interest in the controversy is a neutral factor.

The Central District of California and the Southern District of Indiana both have a local interest in this controversy.  In deciding a motion to transfer, courts consider the "local interest in having localized controversies decided at home."  *Decker*, 805 F.2d. at 843.  Defendant does business throughout the state of California through the marketing and sale of Mirena devices and other products.  SAC at 3; Opp'n at 9.  Plaintiff suffered injuries allegedly caused by the Mirena device while living in the Central District of California.  *Id*. at 5.  The Mirena device was prescribed and inserted in the Southern District of Indiana.  *Id*.

Because Defendant's product is present in all three venues, there is local interest in this controversy in all three districts.  However, this could be said of nearly every district in the country.  Moreover, while Defendant merely operates research facilities in the

6

1  Northern District of California, nearly all of the events giving rise to Plaintiff's lawsuit
2  occurred in the Central District and Indiana. The Court therefore finds the local interest in
3  the controversy to weigh in favor of transfer, but to be neutral between the two proposed
4  venues.

### VII. Familiarity with applicable law is a neutral factor.

At this stage of the proceedings, the Court sees no reason why California law should not be applied in this case.[1] Regardless, the Northern and Central Districts of California are both perfectly capable of applying Indiana state law, should it be necessary. Accordingly, this element is neutral.

### VIII. The relative congestion of the venues weighs in favor of transfer to the Central District.

"The key inquiry in docket congestion is whether a trial may be speedier in another court because of its less crowded docket." *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1196 (S.D. Cal. 2007) (internal quotation marks omitted). This factor turns on whether "efficient and expeditious administration of justice would be furthered" by transfer. *Sherar v. Harless*, 561 F.2d 791, 794 (9th Cir. 1977). However, "Administrative considerations such as docket congestion are given little weight in this circuit in assessing the propriety of a § 1404(a) transfer." *Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1134 (C.D. Cal. 2009).

Between the three venues considered in this case, congestion is greatest in the Southern District of Indiana and least in the Central District of California. *See* U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics (March 31, 2015), http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2015/03/31-3. The median time elapsed, from the filing of a civil case to its

---

[1] The Court declines to engage in a formal conflict of laws analysis at this time, as it would not affect the outcome of this motion and has not been requested by the Parties.

7

disposition is 7.9 months in the Northern District of California, 5.4 months in the Central District of California, and 8.7 months in the Southern District of Indiana. *Id*. Thus, the relative congestion of the fora weighs in favor of transfer to the Central District of California.

**CONCLUSION**

In summary, the convenience of the parties and witnesses, the ease of access to proof and compulsory process of witnesses, and relative court congestion all weigh in favor of transfer to the Central District of California. The local interest in the controversy factor also favors transfer, but is neutral as between the Central District of California and the Southern District of Indiana. Additionally, the factor considering familiarity with applicable law is neutral. Only Plaintiff's choice of forum weighs against transfer, but this factor is accorded minimal weight in the context of this case.

For the foregoing reasons, the Court finds that the Central District of California is the most appropriate venue for this case. Accordingly, the Court ORDERS that this matter be transferred to the Central District of California for further adjudication.

**IT IS SO ORDERED.**

Dated: 07/21/2015

_____
THELTON E. HENDERSON
United States District Judge